11 F.3d 1070
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Allan P. BOSCH, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5115.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1993.
 
 Before ARCHER, LOURIE and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Allan P. Bosch appeals the December 3, 1992 decision of the United States Court of Federal Claims granting the Government's motion for summary judgment and dismissing Mr. Bosch's claim for military medical severance benefits in excess of that awarded by the United States Navy based on a 10 percent disability rating. Bosch v. United States, 27 Fed.Cl. 250 (1992). We affirm.
 
 
 2
 * On May 30, 1980, Mr. Bosch reenlisted in the United States Navy and began service aboard the submarine U.S.S. Polk. One year later, the Navy approved Mr. Bosch's request for transfer to the Admiral's Writers School, which trains personal secretaries for flag rank officers. While on annual leave from the U.S.S. Polk before transferring to the School, Mr. Bosch's father died suddenly. Following Mr. Bosch's return from leave, he completed a 70-day patrol on the U.S.S. Polk apparently without incident. When Mr. Bosch reported to the School on August 31, 1981, however, he began to exhibit difficulty in coping with military life, which resulted in his disenrollment for lack of motivation after only two days of instruction. The Navy transferred Mr. Bosch to Submarine Group Five in San Diego where he began to suffer from anxiety, depression and fear. Mr. Bosch's condition apparently centered on his perception that his reenlistment had been a mistake and manifested itself by his fear of putting on a military uniform. Mr. Bosch entered the Mental Health Unit at the Naval Training Center, San Diego, where Dr. Combalecer diagnosed Mr. Bosch as suffering a borderline personality disorder and recommended administrative separation for medical reasons. After administrative proceedings, the Navy honorably discharged Mr. Bosch on December 16, 1981 for "Unsuitability--Personality Disorders."
 
 
 3
 On January 31, 1982, Mr. Bosch requested a compensable service-connected disability from the Veterans Administration (VA) for both a borderline personality disorder and a hearing loss. The VA ultimately awarded Mr. Bosch a 10 percent VA benefit for tinnitus but denied Mr. Bosch's request for a finding of "service connection for nervous condition." The VA instead found Mr. Bosch's personality disorder to be congenital or developmental. On June 23, 1982, Mr. Bosch filed his first request to the Board of Correction for Naval Records (BCNR) to change his discharge records from "for cause" to a medical discharge so that he could receive benefits. The BCNR referred the case to the Navy's Central Physical Evaluation Board (CPEB), which recommended denial of Mr. Bosch's petition for disability benefits. Mr. Bosch submitted a second request to BCNR attaching additional materials, which included a claim that his depression was due to his father's death. The Naval Medical Command recommended denial of this request in an advisory opinion. Mr. Bosch's failure to file a timely rebuttal to the advisory opinion resulted in the close of administrative proceedings on May 15, 1986 by the BCNR without a decision on the merits.
 
 
 4
 From 1984-1986, Mr. Bosch continued to seek relief from the VA. During that period the VA first granted Mr. Bosch an additional 10 percent service-connected disability for temporomandibular joint dysfunction. The VA later granted Mr. Bosch a 50 percent disability rating based on the manifestation of his nervous condition in 1981. Ultimately the VA granted Mr. Bosch a 100 percent disability rating retroactive to November 29, 1983, almost two years after his discharge. On July 14, 1986, Mr. Bosch requested that the BCNR reopen his case based on the VA decision to grant a 100 percent disability rating. Upon recommendations by the CPEB and the Naval Medical Command, the BCNR issued its decision on April 29, 1987 to grant Mr. Bosch a 10 percent disability rating effective as of his discharge on December 16, 1981. Mr. Bosch filed suit in the United States Claims Court* on December 17, 1987 seeking a military disability retirement based on at least a 30 percent disability rating. The action was stayed while Mr. Bosch again requested reconsideration from the BCNR, which on September 13, 1989 denied any additional relief to Mr. Bosch after review of the entire record. The Court of Federal Claims then lifted the suspension, and the parties filed cross-motions for summary judgment based upon the administrative record. On December 3, 1992, the Court of Federal Claims granted the Government's motion for summary judgment, concluding that the BCNR did not act arbitrarily or capriciously when it assigned only a 10 percent disability rating to Mr. Bosch at the time of his discharge in 1981.
 
 II
 
 5
 This court reviews judgments of the Court of Federal Claims to determine whether they are premised on clearly erroneous factual determinations or otherwise incorrect as a matter of law. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). As a matter of law, the grant of summary judgment by the Court of Federal Claims receives de novo review by this court. Confederated Tribes of Colville Reservation v. United States, 964 F.2d 1102, 1107 (Fed.Cir.1992). In this case, the facts are not in dispute, and the only question on appeal is whether the Court of Federal Claims erred as a matter of law in reviewing the BCNR's decision.
 
 III
 
 6
 The award of military disability benefits depends upon the service member's condition while on active duty. The record shows that the BCNR decision to grant Mr. Bosch a 10 percent disability rating was based on a thorough consideration of all documentation relating to Mr. Bosch's condition while on active duty, including Mr. Bosch's active duty medical records and post-discharge medical records relevant to his condition while on active duty. The BCNR afforded Mr. Bosch the opportunity to present written materials, including medical evaluations, on four separate occasions. A voluminous administrative record documents the careful review of the matter each time Mr. Bosch filed a request with the BCNR. Although the VA ultimately granted Mr. Bosch a 100 percent disability rating, the VA decision is not controlling on the BCNR. de Cicco v. United States, 677 F.2d 66, 71 (Ct.Cl.1982). The evidence shows that the BCNR issued its decision with full knowledge of the VA rating but, within its discretion, reached a different determination.
 
 
 7
 The Court of Federal Claims properly determined on the undisputed facts, as explained in its thorough and well-reasoned opinion, that the BCNR's conclusion was consistent with applicable statutes and regulations and not unreasonable, arbitrary, capricious, or unsupported by substantial evidence. We thus find no error in the Court of Federal Claim's grant of the Government's motion for summary judgment.
 
 
 8
 Each party shall bear its own costs for this appeal.
 
 
 
 *
 The United States Claims Court is now known as the Court of Federal Claims. Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516